**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOMAR IVORY,

    Defendant - Appellant.

No. 24-3053
(D.C. No. 2:11-CR-20108-DDC-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Jomar Ivory appeals from the district court's imposition of an 8-month

sentence after revoking his supervised release.  The Government moves to enforce an

appellate waiver contained in Mr. Ivory's initial plea agreement.

In April 2012, Mr. Ivory pleaded guilty to being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him to

94 months' imprisonment followed by a 3-year term of supervised release.  In his

plea agreement, Mr. Ivory waived the right "to appeal or collaterally attack any

matter in connection with this prosecution, the defendant's conviction, or the

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

components of the sentence to be imposed herein including the length and conditions of supervised release, *as well as any sentence imposed upon a revocation of supervised release*." Mot. to Enf., Attach. A at 9 (emphasis added).

Mr. Ivory was released from prison in 2019. In January 2021, the district court found that he violated the terms of his supervised release and revoked it. The district court imposed a 12-month prison sentence, and a 2-year term of supervised release. The court also imposed a special condition for the supervised release term. Mr. Ivory appealed, challenging the imposition of the special condition. The government moved to enforce the appeal waiver in Mr. Ivory's plea agreement. In response, Mr. Ivory acknowledged that his appellate waiver prohibited him from appealing any sentence imposed on revocation, but he argued that a special condition was not part of his sentence. *See United States v. Ivory*, No. 21-3028, 2022 WL 2301640, at *2 (10th Cir. June 27, 2022). This court rejected that argument. *Id.* at *2, *4. It determined that the appellate waiver was enforceable, granted the government's motion, and dismissed the appeal. *Id.* at *4.

In March 2024, the district court again found that Mr. Ivory violated the terms of his supervised release and revoked it. The court imposed an 8-month sentence, and no further terms of supervised release. Mr. Ivory now appeals from that sentence, and the government moves to enforce the appeal waiver in the initial plea agreement.

Mr. Ivory's counsel filed a response to the motion pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating his belief that there was no

non-frivolous basis for Mr. Ivory to challenge his revocation sentence because he had waived his right to appeal, and this court had already upheld that appeal waiver as enforceable in a prior appeal.  Consistent with the procedure outlined in *Anders*, *see id.*, we gave Mr. Ivory the opportunity to file a pro se response to show why the appeal waiver should not be enforced.  His response was initially due on June 27, 2024, and we sua sponte extended the deadline to July 15, 2024, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within" the waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).  The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, 386 U.S. at 744, we conducted an independent review of the proceedings, and we agree it would be frivolous to oppose the government's motion.  We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal.  We also grant defense counsel's motion to withdraw.

Entered for the Court

Per Curiam